UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE O'NEAL,

    Plaintiff,

v.                                             Case No. 18-cv-684-pp

PAUL CANCER, MIKE CARLTER,
REBECCA KLARRET, MATTHEW KLARRET,
MRS. BOOKER, DEPUTY BELOT,
US DEPARTMENT OF JUSTICE,
SHERIFF DEPARTMENT, and UNKNOWN SUPERVISOR,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      This is the third of four cases the plaintiff, who is representing himself, filed in this district over a four-week span in April and May of 2018. Case Nos. 18-cv-536, 18-cv-548, 18-cv-684 and 18-cv-685. All of the cases relate to the plaintiff's assertion that he has been a witness to many crimes, but that various people in the federal criminal justice community have refused to protect him or help him investigate. He filed this complaint on May 1, 2018, alleging that the federal prosecutor has not looked at his cases, or indicted anyone or provided him with protective custody or victim compensation. Dkt. No. 1. For relief, he has requested $50,000,000,000. Dkt. No. 1 at 4. He also has asked the court to allow him leave to proceed without prepaying the filing

1

fee. Dkt. No. 2. Although the plaintiff has established that he cannot afford the filing fee, the court will dismiss his case for failure to state a claim.

I. **Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)**

The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

   A.  Plaintiff's Ability to Pay the Filing Fee

The plaintiff states that he is unemployed, single, and has a fifteen-year-old son for whom he provides no financial support. He reports no monthly income and no expenses, and says that he owns no property of value. It is unlikely that the plaintiff has no expenses—even if he lives with someone who pays the bills, he likely has some obligations. Given the other problems with the case, however, the court will accept the plaintiff's claim that he can't pay the filing fee.

   B.  Screening

   1. *Legal Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

2

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must

3

be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

   2. *Facts Alleged in the Plaintiff's Complaint*

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The form used by the plaintiff to file his complaint asks the plaintiff to provide a statement of the claim identifying who violated his rights, what each defendant did, when they did it, where it happened and why it happened. Dkt. No. 1 at 2. In this complaint, the plaintiff alleges:

> Violations US Code 42, 28, 18 sections 3771, 248 Color of Law & Title 5 Discrimination against Federal and state witness, &Depraved Constitution Law & Civil Rights & Conspiracy Against Right & Obstructing Investigation & Obstruction of Justice Negligence Misrepresentation & Fraudulent Misrepresentation & False Informing & Human Trafficking & Depraved of Protected Custody & Victim Compensation & Loss of Wages & Have been Refuse Name and Badages For Federal Complaints & Supervisor For help Because of Misconducts and Discrimination and Domestic Terrorist hate crime.

Dkt. No. 1 at 2. As he did in his previous two complaints, the plaintiff alleges that between January 18, 2018 and April 2018, he "called Number of times for

help and was refused . . . ." Id. This time, however, he alleges that he was refused help because of race, color and religion and "being an eye witness in Whistle Blower Cases against state and government worker and sources and networkers and crooked informants Concealing a Homicide Death of a Federal and State Witness." Id. at 2-3. The plaintiff alleges that he has been targeted and "Gang" stalked by agents and officers for being an eyewitness in a murder trial "against their Crooked informants coverup their gang setup murder." Id. at 3. The plaintiff says that because these events happened in Indiana and Illinois, he came to Milwaukee for help from the "US Department of Justices and Sheriff Department." Id. He says that when he came to Milwaukee, he went to government workers and the state, and they did nothing; he also says that the federal prosecutor has done nothing. Id.

In contrast to the other complaints, this complaint does not describe any specific actions taken by any of the people the plaintiff listed as defendants.

       3.    *Analysis*

The plaintiff alleges that no one has helped him investigate, or brought charges, or provided him victim protection or paid him victim compensation. In his first two complaints, he sued the Milwaukee FBI as an agency and the U.S. Marshals Service, as well as specific individuals. In this case, he named a number of individuals as well as the "US Department of Justices Eastern divisions" and "Sheriff Department International Airport." Despite naming several individuals specifically on the first page of the complaint, however, the plaintiff does not state anywhere in the body of the complaint what specific

5

actions each of the named individuals took to violate his rights. He does not say who the individuals are (although he does list "Us Attorney Paul Cancer & Mike Carlter" in the caption, which may mean that he alleges that these two individuals work in the U.S. Attorney's Office). Because he does not describe anything that any of these individuals did to him specifically, the court will not allow him to proceed against them.

The court speculates, as it did in the other two cases, that the plaintiff may be attempting to bring a <u>Bivens</u> action for the deprivation of federal or constitutional rights. <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). The plaintiff, however, cannot bring a <u>Bivens</u> claim against the U.S. Department of Justice because the right of action recognized in <u>Bivens</u> is limited to claims against individual federal officers; it does not extend to federal agencies and departments. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 473 (1994). A person may sue federal agencies but only to the extent that the United States has waived sovereign immunity. Although the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* , provides a limited waiver of sovereign immunity for tort claims, it does not permit suits for alleged constitutional torts. 28 U.S.C. §1346(b); <u>Meyer</u>, 510 U.S. at 477.

To the extent that the plaintiff is attempting to sue the Sheriff's Department at Mitchell International Airport, he may be trying to bring a claim for violation of his civil rights under 42 U.S.C. §1983. Section 1983, however, allows a plaintiff to sue a "person" who violated his civil rights while acting under color of state law. The Sheriff's Department is not an entity that can be

6

sued under 42 U.S.C. §1983, because it "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." Whiting v. Marathon Cty. Sheriff's Dep.'t, 282 F.3d 700, 704 (7th Cir. 2004).

The plaintiff has not stated a federal claim against any of the named defendants, and the court must dismiss his complaint.

## II. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. The court **DISMISSES** this case without prejudice for failure to state a claim.

Dated in Milwaukee, Wisconsin this 11th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**